UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESTON & COMPANY, INC.,

    Plaintiff,

v.

VANAMATIC COMPANY,

    Defendant.

_____/

Case No. 08-10242

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS [4]**

Plaintiff Weston & Company ("Weston") filed this action against Defendant Vanamatic Company ("Vanamatic.") Plaintiff alleges that Defendant violated an agreement to pay commissions following the termination of a sales contract, and that Plaintiff is owed commissions based on Michigan's "Procuring Cause Doctrine." This matter comes before the court on Defendant's motion to dismiss. For the reasons set forth below, Defendant's motion is DENIED.

**I.**      **Facts**

Plaintiff Weston & Company is an independent sales representative firm in the automotive industry. (Pl.'s Resp. at 1.) Weston is owned and operated by its President, Gerard Weston. (*Id.*) Defendant Vanamatic Company manufactures automotive products. (*Id.*)

The relationship between the parties began in approximately 1984 or 1985. (*Id.*) At that time, Vanamatic was represented by Willis Associates, a sales representative firm. (*Id.*) Weston entered into an agreement to take over the relationship with Vanamatic, and Vanamatic approved the assignment. (*Id.*)

The issue of post-termination sales commissions was not directly addressed by Weston and Vanamatic. (*Id.*) However, Weston President Gerard Weston "understood" that sales commissions would be paid for the life of the part in regard to any business Weston procured. (*Id.*) This understanding was based on conversations between Bill Willis, owner of Willis Associates[1], and Gerard Weston, as well as the industry practice at the time. (Pl.'s Resp. at 2.) There does not appear to be any explicit agreement regarding the issue of post-termination sales commissions.

The relationship between Weston and Vanamatic continued until January 2008. On January 2, 2008, Vanamatic notified Weston that it was terminating the relationship between the parties. (*Id.*) Via e-mail, Vanamatic also notified Weston that it would only pay sales commissions for orders received through December 31, 2008 which were paid by the customer by March 1, 2009. (See Pl.'s Resp., Ex B.) Although the e-mail purports to "summarize [the parties'] phone conversation of today, regarding ending [Weston's] services as [Vanamatic's] manufacturer's rep," Plaintiff apparently did not respond to this message. (Pl.'s Resp., Ex B.)

Plaintiff filed this lawsuit on January 16, 2008.

II. **Motion to Dismiss Standard**

Defendant seeks dismissal of Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

---

[1] Mr. Willis is now deceased.

### A. Lack of Subject Matter Jurisdiction

The standard for a Rule 12(b)(1) motion is as follows:

> A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the Plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the Plaintiff bears the burden of proving that jurisdiction exists.

*DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). Courts have substantial authority to weigh the evidence in order to determine whether jurisdiction exists. *RMI Titanium Co. v. Westinghouse Elec. Co.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

### B. Failure to State a Claim Upon Which Relief Can Be Granted

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a Complaint. In a light most favorable to Plaintiff, the court must assume that Plaintiff's factual allegations are true and determine whether the Complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996); *Forest v. United States Postal Serv.,* 97 F.3d 394, 400 (6th Cir. 1997) (quoting *Columbia Natural Resources, Inc. v. Tatum* 58 F.3d 1101, 1109 (6th Cir. 1995)). The Complaint must include direct or indirect allegations "respecting all the material elements to sustain a recovery under *some* viable legal theory." *See In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citations omitted).

As observed by the Sixth Circuit, the Supreme Court recently clarified what a Plaintiff must plead to survive a Rule 12(b)(6) motion to dismiss. *Assoc. of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955 (2007). Specifically, it rejected the standard announced in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

> The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement [**6] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Id. (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." Twombly, 127 S. Ct. at 1969.

*Assoc. of Cleveland Fire Fighters*, 502 F.3d at 548. The Court's function "is not to weigh the evidence or assess the credibility of witnesses but rather to examine the complaint and determine whether the Plaintiff has pleaded a cognizable claim. *Marks v. Newcourt Credit Group, Inc.,* 342 F.3d 444, 452 (6th Cir. 2003) (internal citations omitted).

### III. Analysis

Defendant Vanamatic argues that this court should dismiss Plaintiff's request for declaratory judgment for three reasons: 1) because there is no actual controversy between the parties, 2) because the amount in controversy does not exceed the jurisdictional minimum, and 3) that Declaratory Judgment is inappropriate when a substantive claim is filed in the same complaint. Vanamatic further alleges that Plaintiff has failed to state a valid claim in Count II of its complaint. The Court will address these arguments in turn.

### A. Declaratory Judgment

The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction…any court of the United States…may declare the rights and other legal

relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201.

### 1. Actual Controversy

Defendant argues that there is no actual controversy in the present matter because "commissions that are due to Weston have continued to be paid." (Def.'s Mot. at 3) In sum, Defendant argues that because Plaintiff has not alleged that it already has suffered damages, only that it will be damaged, there is no present controversy.

Defendant is mistaken. While Defendant is correct to argue that a court cannot decide a hypothetical issue, a court is not precluded from addressing issues before an actual loss or injury has occurred. *Shavers v. Attorney General,* 402 Mich. 554, 589 (1978) (citing *Merkel v. Long,* 368 Mich 1, 11-14 (1968)).

In the present matter, Defendant has indicated that it will not pay sales commissions beyond March 1, 2009. Plaintiff argues that it is entitled to commissions for the "life of the part," and, in the alternative, that it is entitled to commissions for all sales for which Plaintiff was the procuring cause. (Compl. at ¶7; ¶14) According to Plaintiff, Defendant has committed an anticipatory breach of contract.

The fact that the injuries of such breach will not become evident until 2009 is irrelevant. Defendant is correct to argue that Plaintiff has not yet suffered damages, as Defendant continues to pay commissions. However, the only harm to Weston, at this juncture, is potential financial loss – a fact that makes declaratory relief quite appropriate. *Principal Life Ins. Co. v. Robinson,* 394 F.3d 665, 670 (9th Cir. 2005)

At issue is to what extent Defendant is required to pay sales commissions to Plaintiff under an alleged "understanding" or under the "procuring cause doctrine." There is a substantial controversy for which declaratory judgment is appropriate.

### 2. Jurisdictional Minimum

Defendant argues that the amount in controversy does not meet the $75,000 jurisdictional threshold. Plaintiff alleges damages in excess of $500,000 in its complaint and affidavit. (Compl. at ¶16; Pl.'s Resp., Ex. A at ¶13.) In recent years, Weston has earned commissions between $90,000 and $109,000 per year as a result of the sales representative agreement between the parties. (Pl's Resp., Ex. A at ¶12.)

Defendant cites two cases to support its argument: *Henderson v. National Fidelities Life Insurance Company*, 257 F.2d 917 (10th Cir. 1958) and *Keck v. Fidelity & Casualty Company* 359 F.2d 840 (7th Cir. 1966). Both cases address whether the potential future benefits of an insurance policy may be used to satisfy diversity jurisdiction. They are inapplicable to the current matter.

As Plaintiff observes, the Sixth Circuit Court has held that a claim should not be dismissed unless it appears to a legal certainty that a Plaintiff cannot satisfy the jurisdictional minimum. *Massachusetts Casualty Ins. Co. v. Harmon*, 88 F.3d 415, 416 (6th Cir. 1996) (quoting *Klepper v. First American Bank*, 916 F.2d 337, 340 (6th Cir. 1990)). In actions seeking declaratory relief, the value of the object of the litigation determines the amount in controversy. *Hunt v. Washington State Apple Advertising Comm.,* 432 U.S. 333, 347 (1977).

Plaintiff has alleged that Defendant's actions will result in damage in excess of $500,000, and provided an affidavit in support of its allegations. Defendant again argues

that Plaintiff has not yet suffered quantifiable damages, and again this fact is irrelevant. The amount in controversy is not the damage currently suffered by the Plaintiff, but the value of the declaratory relief sought. The amount in controversy satisfies the jurisdictional minimum.

### 3. Declaratory Relief

Defendant also alleges that the court should decline to entertain a request for declaratory relief because Plaintiff could prevail on an alternative theory.[2] (Def.'s Mot. at 2) However, the Declaratory Judgment Act provides that a court of the United States may render a declaratory judgment "whether or not further relief is or could be sought." 28 U.S.C. § 2201. Furthermore, the Federal Rules of Civil Procedure allow Plaintiffs to assert both inconsistent claims and alternative or different forms of relief. Fed. R. Civ. P. 8(a)(3); Fed R. Civ. P. 8(d)(3). As stated above, where the harm of a dispute is limited to future financial loss, declaratory relief is entirely appropriate.

## B. Procuring Cause Doctrine

Defendant argues that there is no cause of action entitled "procuring cause doctrine," and as a result, Plaintiff has failed to state a valid claim. (Def.'s Mot. at 3). Plaintiff counters by asserting that its claim has "very clearly put Vanamatic on notice that Weston & Company is seeking relief pursuant to Michigan's Procuring Cause Doctrine." (Pl.'s Resp. at 12) Both arguments are unpersuasive.

Defendant is correct to point out that "Procuring Cause" is not a cause of action in and of itself. But Plaintiff is also correct in pointing out that a "complaint must be liberally

---

[2] Defendant has cited only one case to support its claim: *Pantry, Inc. v. Stop-N-Go Foods, Inc.,* 777 F. Supp. 713, 721 (S.D. Ind., 1991)

construed for the purpose of determining whether a cause of action has been stated." *Ott v. Midland-Ross Corp.*, 523 F.2d 1367, 1369 (6th Cir. 1975).

According to Michigan's Procuring Cause Doctrine, an agent is entitled to the commission sales for which he was the procuring cause. *Reed v. Kurdziel*, 352 Mich. 287, 295 (1958). This rule applies even where the principal has terminated the contract. *Roberts Associates Inc. v Blazer,* 741 F. Supp. 650 (E.D. Mich. 1990). However, the rule will not supplant the stated intention of the parties. *See Clark Bros. Sales Co. v. Dana Corp.,* 77 F. Supp. 2d 837, 852 (E.D. Mich. 1999).

At the heart of the Procuring Cause Doctrine is the basic principle of good faith and fair dealing which is implied in a commissions sales contract. *See Reed, 352 Mich. at 294-95.* As the Michigan Court of Appeals has pointed out, the Procuring Cause Doctrine is a default rule that applies when a contract is silent on the issue of post-termination commissions. *Leger v. Image Data Services,* No. 221615, 2002 Mich. App. LEXIS 553 at 4-5 (Mich. Ct. App. Apr. 16, 2002).

Because this principle of good faith and fair dealing is implied in the contract, its violation would amount to a breach by Vanamatic. Therefore, Weston has stated claim for breach of contract. To recover for breach of contract under Michigan law, a Plaintiff must prove 1) the existence of a contract, 2) the terms of the contract, 3) that Defendant breached the contract, and 4) that the breach caused Plaintiff's injury. *Webster v. Edward D. Jones & Co.,* 197 F.3d 815, 819 (6th Cir. 1999).

The fact that Defendant has not yet breached the contract does not prevent Plaintiff from recovery. As the Sixth Circuit has observed, "[t]he disclaimer of a contractual duty is a breach of contract even if the time specified in the contract for performing the duty has

not yet arrived. It is what is called an anticipatory breach." *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 599 (6th Cir. 2004) (quoting *Wis. Power & Light Co v. Century Indem. Co.,* 130 F.3d 787, 793 (7th Cir. 1977)). Where a principal declares an intent not to pay legitimately earned commissions to an agent, that agent is not required to wait until performance is due before seeking relief. *See Skladanowski v. Clear Channel Radio,* No. 261004, 2006 Mich. App. LEXIS 3609 (Mich. Ct. App. Dec. 14, 2006).

As such, Plaintiff has stated a valid claim for breach of contract based on a violation of the implied covenant of good faith and fair dealing and the Procuring Cause Doctrine.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is DENIED.


                                         s/Nancy G. Edmunds
                                         Nancy G. Edmunds
                                         United States District Judge

Dated: June 3, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 3, 2008, by electronic and/or ordinary mail.

                                         s/Carol A. Hemeyer
                                         Case Manager